UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE BUTLER,

       Plaintiff,

v.                                    Case No. 8:26-cv-745-VMC-NHA

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

       Defendant.
_____/

## ORDER

This matter is before the Court on consideration of Defendant Hartford Insurance Company of the Midwest's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Doc. # 18), filed on April 27, 2026. Plaintiff Lawrence Butler responded on May 14, 2026. (Doc. # 19). With the Court's leave, Hartford replied on May 28, 2026. (Doc. # 22). The Motion is granted.

## I.   Background

Mr. Butler initiated this breach of flood insurance contract case in state court on November 7, 2025. (Doc. # 1-2). Subsequently, Hartford removed the case to this Court on March 20, 2026. (Doc. # 1).

The case arises from damage sustained to Mr. Butler's property on September 26, 2024. (Doc. # 1-2 at 2-3). According to the complaint, Hartford "acknowledged that the Property

1

sustained a covered Loss and offered payment," but "the Property sustained covered damages greater than the damages acknowledged by" Hartford. (Id. at 2). Thus, despite the partial payment, Hartford allegedly "has failed to acknowledge that additional payment would be forthcoming, and it has failed to adequately provide coverage under the terms of the Policy." (Id. at 2-3).

Now, Hartford moves to dismiss the complaint as time-barred. (Doc. # 18). Hartford has provided a copy of a Standard Flood Insurance Policy ("SFIP") issued by Hartford to Mr. Butler as part of the National Flood Insurance Program ("NFIP"). (Doc. # 18-2; Doc. # 18-3). The declaration page for the policy provides that the "NFIP Policy Number" is "6500349425," which is the same policy number mentioned in the complaint. (Doc. # 18-2 at 1; Doc. # 1-2 at 2).

Hartford has also provided the declaration of Wendy Strow, "the Claims Litigation Manager at Torrent Technologies, Inc., a third party vendor which issues and services all [NFIP] Standard Flood Insurance Policies on behalf of Hartford," which is a "Write-Your-Own [] insurance carrier participating in the NFIP." (Doc. # 18-1 at 1). Ms. Strow avers that "[t]here is no other policy of flood insurance put at issue by [Mr. Butler's] Complaint other than

2

the NFIP/SFIP written by Hartford." (Id.). According to Ms. Strow, "Hartford mailed a partial denial letter to [Mr. Butler] dated December 4, 2024 with regard to his September 26, 2024 flood loss claim, denying claims for various reasons, including but not limited to recovery for building items that were damaged by a prior flood and paid in a prior flood claim but were not repaired or replaced prior to the September 26, 2024 flood claim and therefore not covered pursuant to the terms and provisions of his flood policy." (Id. at 3). Hartford has provided a copy of the December 4 letter. See (Doc. # 18-4 at 1) (stating that Hartford will pay $10,549.59 on the claim but that Mr. Butler's "request for coverage is denied" for certain items because "the SFIP will not allow a second payment for the same item(s)").

While the case was filed in state court within one year of the December 4 letter, the case was not removed to this Court until March 20, 2026 — more than one year after December 4, 2024. (Doc. # 1). Mr. Butler has responded to the Motion to Dismiss (Doc. # 19), and Hartford has replied. (Doc. # 22). The Motion is ripe for review.

## II.  **Legal Standard**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the

3

allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004), abrogated on other grounds by Twombly, 550 U.S. 544.

"A statute of limitations bar is an affirmative defense, and a plaintiff is not required to negate an affirmative

defense in [his] complaint." <u>Wainberg v. Mellichamp</u>, 93 F.4th 1221, 1224 (11th Cir. 2024) (citation and internal quotation marks omitted). "So dismissal on statute-of-limitations grounds is proper only where it is apparent from the face of the complaint that the claim is time-barred." <u>Id.</u> (citation and internal quotation marks omitted).

### III. <u>Analysis</u>

In a flood-insurance dispute, a plaintiff must file an action "within one year after the date of mailing of notice of disallowance *or partial disallowance*" of the claim "in the United States district court for the district in which the insured property or the major part thereof shall have been situated." 42 U.S.C. § 4072 (emphasis added). Section 4072 confers "original exclusive jurisdiction" on federal district courts "to hear and determine such action without regard to the amount in controversy." <u>Id.</u> These requirements are reiterated in the Dwelling Form for the policy: "If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss." (Doc. # 18-3 at 24).

5

Here, Hartford issued a letter, which it maintains is a partial denial letter, to Mr. Butler on December 4, 2024. (Doc. # 18-4). The Court may consider this letter, along with the policy, in ruling on this Motion because the letter and policy "fit[] squarely within the incorporation-by-reference doctrine." D'Ambrosio v. Am. Bankers Ins. Co. of Fla., No. 2:25-cv-155-KCD-NPM, 2025 WL 2841172, at *2 (M.D. Fla. Oct. 7, 2025) (considering denial letter on motion to dismiss flood insurance case). The denial letter "is central to [Mr. Butler's] case 'because it is the denial [he] seek[s] to challenge.'" Id. (citation omitted); see also Raulerson v. Am. Strategic Ins. Corp., No. 8:25-cv-407-WFJ-AAS, 2025 WL 1133767, at *2 (M.D. Fla. Apr. 17, 2025) (considering partial denial letter attached to motion to dismiss because it "is also referenced in the Complaint and intertwined with Plaintiff's breach of contract claim"). The "letter's authenticity is also unchallenged." D'Ambrosio, 2025 WL 2841172, at *2.

Mr. Butler does not argue that the Court cannot consider the December 4, 2024 letter. Instead, he argues that the December 4 letter is not a partial denial letter or "partial disallowance" because it "announces a payment, not a denial." (Doc. # 19 at 3). He emphasizes that the December 4 letter

6

provided that "Hartford determined that [Mr.] Butler was owed $10,549.59, issued that payment, and expressly invited [Mr.] Butler to continue the claims process by providing additional documentation. Hartford then continued to actively adjust and investigate the claim for eleven more months — conducting a reinspection in September 2025 and issuing two additional substantive denial letters on July 24, 2025 and September 26, 2025." (Id. at 1-2). The Court disagrees.

"A denial letter from the insurer is a proper disallowance that triggers the one-year limitation period." Potter-Martino v. Am. Bankers Ins. Co. of Fla., No. 8:26-cv-508-WFJ-AEP, 2026 WL 982818, at *3 (M.D. Fla. Apr. 13, 2026). "To determine whether a letter is a partial written denial, courts closely examine the letter's content." 4922 Mgmt. LLC v. Selective Ins. Co., No. 2:24-cv-894-SPC-NPM, 2025 WL 417701, at *1 (M.D. Fla. Feb. 6, 2025) (citation omitted). "[C]ourts have found denial letters trigger the limitations period even when additional documentation is subsequently submitted or the adjusting process continued." Id. at *2. "[A] letter from an insurer sufficient to put an insured on notice that a part of her claim has been disallowed is sufficient to trigger Section 4072's one-year limitation period." Id. (citation omitted).

Indeed, courts have held that a letter extending coverage for only a portion of a claim — like the December 4 letter — is a partial disallowance for purposes of the statute of limitations: "issuing only partial payment is precisely what rendered the denial letter a '*partial* disallowance' under § 4072." Id. at *3; see also Price v. Wright Nat'l Flood Ins. Co., No. 2:24-cv-914-SPC-KCD, 2025 WL 487627, at *2 (M.D. Fla. Feb. 13, 2025) ("The February 2023 letter was a proper disallowance that triggered the one-year limitation period. . . . The February 2023 letter extended partial coverage to Plaintiffs. However, it declined to extend coverage for the roof and trim because the adjuster determined it was not damaged by or from flood."); McInnis v. Liberty Mut. Fire Ins. Co., No. 22-30022, 2022 WL 4594609, at *3 (5th Cir. Sept. 30, 2022) ("[T]he November 2016 letter here plainly put McInnis on notice that a part of her claim had been disallowed. The letter stated that 'content items that were not supported by photographs were not able to be included in your claim' and referred to that as a 'decision to deny coverage.' It also informed McInnis of her right to administratively appeal any portion of her claim 'denied by th[is] letter.'").

8

This is true even where the adjusting process continues after the partial denial. See Cohen v. Allstate Ins. Co., 924 F.3d 776, 782 (5th Cir. 2019) ("[The July 19 letter] denies coverage for all or part of his personal property claim, while expressing a willingness to reconsider that disposition upon receipt of additional documentation. That Allstate continued to process Cohen's claim does not change this conclusion. Consequently, the July 19 letter was a written denial."); Caruso v. First Protective Ins. Co., No. 2:24-cv-615-SPC-KCD, 2025 WL 448953, at *2 (M.D. Fla. Feb. 10, 2025) (finding that March 2023 partial denial letter — rather than later June 2024 denial of Plaintiff's proof of loss — "was a proper disallowance that triggered the one-year limitation period" because the letter expressed Defendant's "decision not to cover a portion of Plaintiffs' claim because the loss was not directly caused by flood damage, accompanied by instructions on how to appeal the decision"), appeal dismissed, No. 25-10526-CC, 2025 WL 2381697 (11th Cir. May 27, 2025); Martini v. Am. Bankers Ins. Co. of Fla., No. 2:24-cv-904-JES-KCD, 2025 WL 1018394, at *4 (M.D. Fla. Apr. 4, 2025) ("The date on which the limitations period begins to run is clear. The one-year limitations to file suit in district court is triggered by a full or partial denial of a claim. In this case, the

limitations period was triggered by the November 16, 2022, partial denial of plaintiffs' claim. Being allowed to submit a supplemental request (or a proof of loss) does not change the statute nor the NIFP."); Hawk v. Hartford Ins. Co. of the Midwest, No. 2:24-cv-823-JES-NPM, 2025 WL 326668, at *7 (M.D. Fla. Jan. 29, 2025) ("The Court concludes that the one-year limitations period was triggered by Hartford's partial denial of Hawk's claim in the 1.26.23 Letter, and that the limitations period was not waived, extended, or re-triggered by the subsequent, supplemental requests and the resulting denial letters.").

Here, the December 4 letter is a partial denial letter. It explicitly states that Mr. Butler's "request for coverage is denied" for certain items because "the SFIP will not allow a second payment for the same item(s)," which had been paid for under an earlier flood claim but were not repaired or replaced before the September 26 flood. See (Doc. # 18-4 at 1) ("Our adjuster's report dated 11-23-2024 advises us that you are requesting coverage for floors, trim, walls, cabinets, vanities, doors, and appliances. We carefully reviewed the prior claim report and confirmed that the payment included replacement or repair of the item(s) listed above. Our adjuster confirmed the repairs were not completed

10

following the prior flood event. Unfortunately, the SFIP will not allow a second payment for the same item(s) and as such, your request for coverage is denied. . . Additionally, since you did not purchase personal property coverage as confirmed on your Declarations Page, we are unable to provide coverage for any personal property losses resulting from his event."). Additionally, Hartford attached to the December 4 letter a FEMA Policyholder Rights form, notifying Mr. Butler of his "options if your flood insurer denies your claim," including the right to "file a flood insurance appeal directly to" FEMA or "to file suit in the Federal District Court where the damage occurred within one year of when your insurer first denied all or part of your claim." (Id. at 3); see Price, 2025 WL 487627, at *2 (finding letter to be a partial denial in part because it "advised Plaintiffs that they may appeal to FEMA if they disagree with the decision, accompanied by a Policyholder Rights form which instructed Plaintiffs of their right to appeal or file a lawsuit after their claim is denied"); Raulerson, 2025 WL 1133767, at *1 (finding letter providing a partial payment to be a partial denial in part because it "included a FEMA 'Policyholder Rights' page that advised Plaintiff of his rights, including a right to appeal the insurer's decision and 'file suit against your insurer as

11

long as you are *still within the one-year timeframe* available to file suit'").

True, Mr. Butler submitted a proof of loss after the December 4 letter. That proof of loss was not denied until July 2025. Thus, Mr. Butler argues the statute of limitations began to run in July 2025 because the "right to sue accrues when the insurer rejects the Proof of Loss." (Doc. # 19 at 4-5).

Not so. Hartford's December 4 "denial letter did not need to be based on a proof of loss to trigger the one-year limitation period." 4922 Mgmt. LLC, 2025 WL 417701, at *3; Price, 2025 WL 487627, at *3 (rejecting argument that "the February 2023 letter was not a proper disallowance to trigger the one-year limitation period because it was not based on a sworn proof of loss"). Indeed, the Eleventh Circuit has recently rejected the argument that the statute of limitations runs from the denial of a later-filed proof of loss, rather than from the initial denial letter for the claim. See Zozo Invs. LLC v. First Cmty. Ins. Co., No. 25-12492, 2026 WL 1021517, at *3-4 (11th Cir. Apr. 15, 2026) (explaining that the "procedural detour" of plaintiff's filing a sworn proof of loss "didn't relieve [plaintiff] from the obligation to follow the strictures of Section 4072,"

12

which required plaintiff "to file suit within a year after receiving its first denial letter"). As the Fifth Circuit has explained, "Section 4072 does not mention a proof of loss, much less require the disallowance of one. Instead, it refers to the 'disallowance . . . of any such *claim*.' Therefore, a claim and a proof of loss are distinct." McInnis, 2022 WL 4594609, at *2 (quoting 42 U.S.C. § 4072). The December 4 letter was a partial disallowance or partial denial of Mr. Butler's claim, even though it was not based on a proof of loss. The fact that further adjustment of the claim occurred, including submission of a proof of loss and reinspection of the property, does not change the December 4, 2024 letter's status as a partial denial of Mr. Butler's claim.

Therefore, Mr. Butler had to file his claim in a court of competent jurisdiction before December 4, 2025. Rather than filing the case in this Court by that date, Mr. Butler improperly filed the case in state court on November 7, 2025, which is within the statute of limitations. (Doc. # 1-2). Hartford, however, did not remove the case to this Court until March 20, 2026 — months after the statute of limitations had run. (Doc. # 1).

Critically, binding precedent holds that the time a flood insurance case was pending in state court pre-removal

13

does not toll the statute of limitations. In Hairston v. Travelers Casualty & Surety Company, 232 F.3d 1348 (11th Cir. 2000), the Eleventh Circuit addressed whether filing a NFIP case in state court tolls Section 4072's statute of limitations. Id. at 1352-53. The court concluded that because Section 4072 "does not permit concurrent jurisdiction, . . . filing in a court without competent jurisdiction did not toll the statute of limitations." Id. at 1353.

This case is therefore untimely, and the untimeliness is apparent from the face of the complaint and the December 4 partial denial letter that is central to the complaint. See, e.g., Potter-Martino, 2026 WL 982818, at *3 ("Here, the math is simple and unforgiving. ABIC issued a partial denial letter for Plaintiff's claim on February 4, 2025. That letter explicitly warned Plaintiff that if she wished to file a lawsuit, she had to do so within one year in the United States District Court where the Property was located. This action finally appeared in federal court on February 23, 2026, following ABIC's removal from state court. That is approximately one year and 19 days after the denial — past the one-year jurisdictional deadline. Consequently, Plaintiff's breach of contract claim is time-barred under 42 U.S.C. § 4072."); Roop v. Wright Nat'l Flood Ins. Co., No.

14

2:24-cv-176-JLB-NPM, 2025 WL 2636390, at *3 (M.D. Fla. Sept. 12, 2025) ("Here, Defendant partially denied Plaintiff's claim on January 5, 2023. Plaintiff filed an action in state court on November 3, 2023. Not until February 26, 2024, did Defendant remove the case to this Court. Thus, Plaintiff is time-barred from bringing this action." (citations omitted)); Mazzula v. Am. Strategic Ins. Corp., No. 2:19-cv-215-SPC-NPM, 2021 WL 252295, at *3 (M.D. Fla. Jan. 26, 2021) (relying on Hairston and dismissing with prejudice where the case was filed in state court before the statute of limitations ran but not removed to federal court until after the one-year period ran).

Dismissing a case on statute of limitations grounds is often a harsh result, but "not even the temptations of a hard case should cause courts to read the requirements of a federal insurance contract with charitable laxity." Sanz v. U.S. Sec. Ins. Co., 328 F.3d 1314, 1318 (11th Cir. 2003) (citation and internal quotation marks omitted). "The rules governing the National Flood Insurance Program are exacting, but they are known." Agostino v. Monarch Nat'l Ins. Co., No. 2:24-cv-957-KCD-DNF, 2026 WL 668331, at *3 (M.D. Fla. Mar. 10, 2026). Application of those rules and binding precedent requires dismissal of this action with prejudice.

15

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Defendant Hartford Insurance Company of the Midwest's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Doc. # 18) is **GRANTED.**

(2)  This case is dismissed with prejudice because it is time-barred.

(3)  The Clerk is directed to terminate all pending deadlines and hearings and to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of June, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

16